UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JADA DAVIS-BEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:23-cv-1049 SEP |
| MARGIE REYNOLDS, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Jada Davis-Bey's motion for leave to commence this civil action without prepayment of the required filing fee. Doc. [2]. Having reviewed the motion, the Court finds that Plaintiff lacks sufficient funds to pay the entire filing fee and assesses an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons set forth below, the Court orders Plaintiff to show cause why this action should not be dismissed for failure to exhaust her administrative remedies.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After paying the initial partial fee, the prisoner must make monthly payments of 20% of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency with custody of the prisoner will forward the monthly payments to the Clerk of Court whenever the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. The Court therefore requires Plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (Lacking a certified copy of a prison account statement, a court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, she must submit a copy of her prison account statement in support of her claim.

## LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a Plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

On August 21, 2023, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violations of her civil rights while incarcerated at the St. Louis City Justice Center. Plaintiff

names the St. Louis City Justice Center[1] and Correctional Officer Margie Reynolds as defendants. She sues Reynolds in both her individual and official capacities.

Plaintiff alleges that the sink in her cell at the City Justice Center smelled like sewer water from June 25, 2023, through July 4, 2023. Doc. [1] at 7. She claims that it got "stopped up," and when she repeatedly rang her call button to complain, unnamed staff ignored her complaints. *Id*. According to Plaintiff, no officer would "snake" the sink, call maintenance, or move her into another cell, and she had to drink the murky water coming out of the sink. *Id*. Plaintiff believes that the sink water in her cell was "mixed" with toilet water from another inmate's cell. *Id*. Plaintiff alleges that all inmates in her pod were relocated on July 13, 2023, and insinuates that the move was due to the water issue. *Id*. Correctional Officer Reynolds worked in Plaintiff's pod "for about five days straight," during the relevant period, and Plaintiff claims that Reynolds denied her recreation time during this period.[2] Plaintiff also states that Reynolds accused her of flooding her cell. She asserts that she has been charged $1,200 for damage caused by the flooding. *Id*.

In the section of the Complaint titled, 'Exhaustion of Administrative Remedies/ Administrative Procedures,' Plaintiff indicates that she did not file a grievance concerning the facts in her complaint. *Id*. at 6. She states that she asked for an Information Resolution Request (IRR) but was not provided a form by Officer Reynolds. *Id*. She does not indicate whether she ever filed or attempted to file an IRR or other grievance.

## DISCUSSION

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to fully exhaust their prison remedies prior to filing a complaint in federal court. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion of remedies "means using all steps that the [prison] holds out, and

---

[1] Plaintiff's claims against the St. Louis City Justice Center are subject to dismissal. The City Justice Center is a county jail, and "county jails are not legal entities amenable to suit." *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) ("departments or subdivisions" of local government are not "juridical entities suable as such"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

[2] Plaintiff does not specifically state that she asked Reynolds to provide her clean drinking water or to fix the faulty sink and that Reynolds failed to do so; she states only that Reynolds denied her recreation time.

3

doing so properly (so that the agency addresses the issue on the merits)") (citation omitted); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("if exhaustion was not completed at the time of filing, dismissal is mandatory").

Plaintiff states that she did not file a grievance regarding the concerns in her Complaint. Doc. [1] at 6. Moreover, because the issue relating to the water in her cell occurred in late June and early July of 2023, and this action was filed in August, even if Plaintiff had filed a grievance, it is unlikely that she had had time to complete the grievance appeal process before filing. *See Irving v. Ventura*, 2020 WL 5491689 (W.D. Mo. Sept. 2, 2020) (dismissing for failure to exhaust when Plaintiff indicated on the face of the complaint that he filed a grievance only a couple of weeks before and had not yet received a formal answer).

Because Plaintiff is a prisoner and proceeding as a self-represented litigant, the Court will give her an opportunity show cause why this action should not be dismissed, without prejudice to refiling at a later date, for failure to exhaust her prison remedies prior to filing. In her response, Plaintiff should set forth the dates she filed her IRRs, grievance(s) and appeal(s), if any, as well as the dates she received institutional response(s). Plaintiff should also attach copies of her IRRs, grievance, grievance appeal, and any written responses. If she cannot obtain copies from the institution, Plaintiff must describe the attempts she has made to obtain them. If Plaintiff fails to comply, the Court will dismiss this action without prejudice and without further notice.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion to appoint counsel. Doc. [3]. The motion is denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). A district court *may* appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and the nature of the litigation is such that the plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When deciding whether to appoint counsel, a court considers factors such as the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the ability of the litigant to present her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing the factors, the Court finds that appointment of counsel is not warranted at this time. Plaintiff has demonstrated, up to this point, that she can adequately present her

claims to the Court.  And neither the factual nor the legal issues in this case appear to be complex.  The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis*, Doc. [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $1.00 **within 21 days of the date of this Order**.  Plaintiff is instructed to make her remittance payable to "Clerk, United States District Court," and to include upon it:  (1) her name; (2) her prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff shall show cause **within 21 days of the date of this Order** why this action should not be dismissed for failure to fully exhaust her prison remedies prior to filing this action.  Plaintiff must include in her show cause response the dates that her IRRs, grievances and grievance appeals were denied, and attach copies of such documents.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 9th day of November, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE