UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JADA DAVIS-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:23-cv-1049-SEP |
| ) | |
| MARGIE REYNOLDS, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

Before the Court are Plaintiff Jada Davis-Bey's Complaint, Doc. [1], and Motion to Amend Complaint and Reply to Court Order, Doc. [10]. For the reasons set forth below, the case is dismissed.

### FACTS AND BACKGROUND

Plaintiff in this 42 U.S.C. § 1983 case alleges violations of her civil rights while incarcerated at the St. Louis City Justice Center by the Justice Center and Correctional Officer (CO) Margie Reynolds. CO Reynolds is sued in both her individual and official capacities.

The Complaint consists of several handwritten pages attached to the Court's § 1983 complaint form, and it is difficult to discern the nature of Plaintiff's claims. *See* Doc. [1]. Plaintiff first alleges that the sink and toilet in her cell became clogged on June 25, 2023, and the Justice Center staff ignored her maintenance requests until July 3rd. *Id*. at 12. The Complaint does not allege to whom Plaintiff complained. Plaintiff also states that she would "remove the clear water to keep the sink from filling up," so it is not clear if Plaintiff's sink was completely clogged during this time or if it was simply draining slowly. *Id*. When the maintenance man came to fix the sink and toilet, Plaintiff alleges that she watched the "clear toilet water turn brown" and her sink water began to smell like toilet water. *Id*. Plaintiff was moved to a new cell on or about July 13, 2023. *Id*.

Plaintiff claims that during some portion of the time between June 25th and July 13th, she had to drink sewer water because of the plumbing issues. Although Plaintiff alleges that the water coming from the faucet in her cell smelled like sewer water during that period, she does not allege that the sink was actually clogged and unable to provide drinking water the whole

1

time. Plaintiff's claim appears to be that the water in the Justice Center was not potable because it smelled. She speculates that even after moving to a new cell, she might have been drinking non-potable water as late as July 31, 2023. *Id.* at 13. And Plaintiff claims to have suffered abdominal pain, shaking, lightheadedness, gastrointestinal distress, nightmares, and muscle spasms as a result of drinking the allegedly contaminated water. *Id*. at 12-13.

Plaintiff claims that the Justice Center failed to supervise their employees and "maintain a proper and clean water supply and water system." *Id.* at 13. Plaintiff claims Defendant Reynolds intentionally inflicted emotional distress by refusing to "smell [Plaintiff's] cup of sewer water" and failing to call maintenance to fix her sink. *Id.* at 14. During the relevant time, Reynolds worked in Plaintiff's pod "for about five days straight," and Plaintiff claims Reynolds denied her recreation time during that period. *Id*.

Plaintiff alleges that she was written up by Defendant Reynolds for kicking her cell door, trying to incite a riot, and calling Reynolds a "b***h." *Id*. at 7. She alleges that Reynolds denied her the ability to get water from the fountain near her cell on July 4th and 5th. *Id*. at 13. And Plaintiff blames Reynolds for failing to call maintenance to fix her sink promptly and provide her with bottled water, but she does not indicate what dates Reynolds was working when her water supply was clogged. *Id*.

On November 9, 2023, the Court ordered Plaintiff to show that she had properly exhausted her administrative remedies prior to filing this lawsuit. Doc. [9]. Plaintiff indicated in the Complaint that she had not filed an Informal Resolution Request (IRR) form or grievance relating to her allegations in the Complaint, stating that staff did not provide her with a form despite being aware of the conditions of the water in her cell. Doc. [1] at 6, 7. Plaintiff responded on November 29, 2023, with a filing titled, "Motion to Amend Complaint and Reply to Court Order and Motion for 42 U.S.C. § 1983 Injunctive and Declaratory Relief Against the State Court Proceedings, On the Ground that Missouri Laws Are Being Unconstitutionally Applied by the State Court So As To Cause Plaintiff Great and Irreparable and Immediate Injury." Doc. [10] (hereinafter, "Response"). Plaintiff also filed supplemental documents on December 7th and 11th. Docs. [11], [12]. The second supplemental document contains a copy of an IRR dated November 20, 2023, relating to issues raised in this case, along with a response indicating that the IRR was "not actionable" because it was untimely. Doc. [12] at 1, 2.

In Plaintiff's Response, she argues the case should not be dismissed for failure to exhaust her administrative remedies because: (1) she "suffered irreparable injury" and "is still in immediate harm," (2) she informed various staff members that her ailments resulting from ingesting alleged sewer water, (3) staff members were aware of the "dirty water," refused to drink it themselves, and failed to act to remedy the situation, and (4) she was not made aware of possible next steps to remedy the situation by facility staff. Doc. [10].

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief may be granted. An action "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The court must assume the veracity of well-pled facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

Courts must liberally construe complaints filed by pro se litigants, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), which means that, "if the essence of an allegation is discernible," a court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented "complaint[s] must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to "assume facts that are not alleged," *Stone*, 364 F.3d at 915, nor are they required to interpret procedural rules to "excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required "even though relief of the sort that the plaintiff is seeking is not available through the administrative procedures that are available." *Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002) (citing *Booth v. Churner*, 532 U.S. 731, 737-41 (2001)). Although "inmates are not required to specially plead or demonstrate exhaustion in their complaints," a court may dismiss a complaint for failure to exhaust administrative remedies if it is plain on the face of the complaint that a grievance procedure has not been exhausted. *Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *see also ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 728 F.3d 853, 861 (8th Cir. 2013). "[A]n inmate must exhaust administrative remedies *before* filing suit in federal court." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). "If exhaustion was not completed at the time of filing, dismissal is mandatory." *Id*.

Plaintiff had not exhausted her administrative remedies at the time of filing. In the Complaint, Plaintiff checked a box indicating that she did not file a grievance "concerning the facts relating to this complaint." Doc. [1] at 6. On the next page, she stated, "No I did not file a grievance." *Id*. at 7. And in response to the Court's order to show cause, she attached an IRR she filed on November 20, 2023—long after this lawsuit was filed. Doc. [10-1]. She later filed a copy of the IRR response, dated November 27, 2023, explaining that the IRR was not "actionable" because it was not "filed 10 days from the day of the alleged incident." Doc. [12]. There is no indication that Plaintiff filed a grievance or grievance appeal of the denial of her IRR. Plaintiff's belated attempt to satisfy the requirement after filing her Complaint is insufficient. *See Johnson*, 340 F.3d at 627.

There is also no basis for excusing Plaintiff's failure to exhaust the administrative remedies. "A prisoner need not exhaust remedies if they are not 'available.'" *Ross v. Blake*, 578 U.S. 632, 636 (2016) (quoting 42 U.S.C. § 1997e(a)). A remedy is unavailable "(1) when the procedure 'operates as a simple dead end'; (2) when the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use'; and (3) when prison administrators deliberately thwart prisoner attempts to use the process." *Smith v. Andrews*, 75 F.4th 805, 808

4

(8th Cir. 2023) (quoting *Ross*, 578 U.S. at 643-44). "An inmate's subjective belief that the procedures were not applicable to medical grievances 'does not matter' and is not determinative." *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (quoting *Lyon*, 305 F.3d at 809).

Plaintiff has not alleged any nonconclusory facts suggesting that administrative remedies were not available. In the Complaint, Plaintiff states that she did not file a grievance because "caseworker Jones did not provide [her] with an I.R.R. form"; that Defendant Reynolds "told Lt. Hughes to leave the Pod when [she] tried to talk to her the next day to ask for a I.R.R. form"; and that Lieutenants Hughes, Waate, and Williams did not bring her an IRR form. Doc. [1] at 7. In the next paragraph, however, she admits that she talked to Caseworker Jones, Lt. Waate, and Mr. Steve Brock about the problems she was having with the water and plumbing. *Id*. Similarly, on the late IRR form, Plaintiff states, "No caseworker or correctional officer informed Ms. Davis-Bey that she could file a I.R.R. about the sewer water, stopped up sink or toilet." Doc. [12] at 2. She also clarifies that Defendant Reynolds "shooed Lt. Erica Hughes out of the 3-D Pod on 7-4-2023 which prevented [Plaintiff] from telling Lt. Hughes about the sewer smelling water." *Id*. Plaintiff does not claim that she requested an IRR form and was denied, or that Justice Center administrators "thwart[ed] [her] from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 644.

Plaintiff's responses to the Court's order to show cause also fail show that administrative remedies were unavailable. She argues that she is "still in immediate harm." Doc. [10] at 1. If Plaintiff still has a problem with the water in her cell, she is free to use the Justice Center's administrative process to address that *current* issue. But she cannot *now* file IRRs or grievances to satisfy the exhaustion requirement for issues already presented in this case. Second, she argues that she did inform Justice Center employees about the problems and many of them already knew that the water and plumbing in the Justice Center were deficient. *Id*. at 1-2. That does not excuse her failure to use the administrative procedures or render those procedures unavailable; "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Third, and most compellingly, Plaintiff argues claims that "no other steps were held out." *Id*. at 2. Liberally construed, Plaintiff could be understood as arguing that she was never informed of the grievance procedure and did not know that it existed. But that claim is undermined later in her Response when she claims to have filed at least two other IRRs around

5

July 5, 2023, related to a different incident. *Id*. at 3. Plaintiff has not shown that administrative procedures were unavailable to her, and her "subjective beliefs, logical or otherwise, are irrelevant in determining whether administrative procedures are available." *Baker v. Boyle*, 327 F. App'x 680 (8th Cir. 2009) (citing *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000)).

Based on the facts alleged in the Complaint and Plaintiff's supplemental filings, she has not shown that she asked staff members for an IRR form and was denied or that she was thwarted from using the grievance system at the St. Lous City Justice Center. Plaintiff's admission that she filed IRRs in July of 2023 and again in November of 2023 shows that she was aware of the prison's administrative remedies and was able to use them. Because she did not use those procedures to address the issues raised in the Complaint before filing this action, her lawsuit has to be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff failed to exhaust her administrative remedies before bringing this suit.

**IT IS FURTHER ORDERED** that that Plaintiff's motion to amend her complaint, Doc. [10], is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment, Doc. [13], is **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that an appeal of this action would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 19th day of July, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE